UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
JOSE CARLOS MONTES,
Defendant.

Case No.: 3:23-cr-2563-WQH

**ORDER**

HAYES, Judge,

The matter before the Court are the Motions for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Jose Carlos Montes. ("Motions for Reduction in Sentence," ECF Nos. 40 & 51.)

**BACKGROUND**

On December 19, 2023, Defendant was charged by Information with one count of importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. (ECF No. 1.) On March 12, 2024, Defendant entered a plea of guilty. (ECF No. 23.)

In advance of the sentencing hearing, a U.S. Probation Officer prepared a Presentence Report ("PSR") detailing the history and characteristics of Defendant, who was then 71 years old. (ECF No. 30.) The PSR discussed at length Defendant's many health issues, including stomach cancer (for which Defendant twice underwent surgery between 2017 and 2022), cardiac issues (including high blood pressure and insertion of a pacemaker in 2017 or 2018), diabetes, high cholesterol, ulcers, hearing issues, dental issues, and substance abuse issues dating back to 1988. *Id.* at 13–16. The PSR also detailed

Defendant's lengthy criminal history, with his most serious prior drug offenses occurring when Defendant was 57 and 66 years old. *Id*. at 9–10.

On June 10, 2024, this Court conducted a sentencing hearing. (ECF No. 38.) At sentencing, the Court found Defendant to be a Career Offender, putting him in a criminal history category VI. (ECF No. 50 at 6.) Defendant's counsel then spoke, emphasizing that "Mr. Montes's health is in bad shape…. [I]f the Court looks at pages 13, 14 [of the PSR,] the Court will see the whole host of medical illnesses that Mr. Montes has." *Id*. at 7. Defense counsel requested that Defendant be housed at Terminal Island because "they have some pretty good medical facilities there." *Id*. at 9. Government counsel then spoke, stating that "[w]e believe a slight variance is appropriate here due to Defendant's health concerns. On the other hand, these health concerns were ongoing prior to Defendant engaging in this criminal conduct. This coupled with his significant criminal history, we believe that 70 months … is sufficient but not greater than necessary in this case." *Id*. at 9–10. The Court then calculated the advisory Guideline range to be 110 to 137 months in custody. *Id*. at 11. The Court stated that Defendant was "a gentleman of approximately 71 years of age who has serious legitimate health concerns." *Id*. The Court discussed Defendant's "aggravated" criminal history, and stated that "[i]t's a little unusual that somebody would have … two relatively serious [drug smuggling] offenses starting at age 57, and [one prior smuggling case] that was very, very similar to this case." *Id*. at 11–12. The Court stated:

> I'm going to put a sentence of 70 months in custody; it's about a 40-month variance from the advisory sentencing guidelines. And I think certainly based on his age, his health concerns, and, you know, certainly the positive impact he's had on his family members warrants some type of a variance. But in light of the fact that this is his third drug offense in a relatively short period of time, I think that a sentence less than that would not reflect the seriousness of the offense.

*Id*. at 12. The Court concluded: "[L]ooking at these facts, the amount of drugs, this gentleman's behavior in his last 20 years of his life even balanced with the positive factors, I don't think a sentence less than 70 months would satisfy the 3553 factors." *Id*. at 13. The

Court recommended that Defendant be housed at Terminal Island, as requested by defense counsel. *Id*. at 15.

On January 16, 2025, Defendant, proceeding pro se, filed the pending Motion for Reduction in Sentence, requesting that the Court reduce his sentence because "[he is] in advanced age, diagnosed with cancer, diabetes, orthopedic issues, and other health related issues that will only get to an unrecoverable point if [he] cannot be accessible to outside medical." (ECF No. 40 at 6.)

On January 21, 2025, the Court issued an Order referring the motion to Federal Defenders of San Diego, Inc. ("Federal Defenders") pursuant to General Order No. 692-B. (ECF No. 41.)

On May 14, 2025, Federal Defenders filed a status report stating, "[a]fter reviewing the relevant records in Mr. Montes's case, [Federal Defenders] believes he would benefit from assistance of counsel. . . [a]s such, [Federal Defenders] is willing and able to accept appointment in Mr. Montes's case." (ECF No. 47.)

On May 19, 2025, the Court issued an Order appointing Federal Defenders to represent Defendant for proceedings in this Court related to Defendant's pending Motion for Sentence Reduction. (ECF No. 48.)

On August 20, 2025, Federal Defenders filed the pending Supplemental Emergency Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 51.) Defendant through his counsel contends in pertinent part, "[d]ue to the Federal Bureau of Prisons' (BOP) failure to provide adequate and timely medical care, [Defendant's] stomach cancer has likely spread to other areas of his body," and "his conditions require long-term and specialized medical care that is not being provided to him by the prison, and without which he is most certainly at risk of serious deterioration in health or death." *Id*. at 2, 7.

Plaintiff United States of America subsequently filed an opposition to the Motion for Reduction in Sentence. (ECF No. 59). Plaintiff contends that "[t]he BOP has monitored and treated every one of Defendant's medical conditions. He has received a standard of care consistent with the care expected by the BOP," and "Defendant's medical records

demonstrate an ongoing awareness and monitoring of his medical conditions by BOP medical staff." *Id.* at 3-4.

On January 24, 2026, Defendant filed its reply in support of the Motion for Reduction in Sentence. (ECF No. 72.)

According to the BOP website,[1] Defendant is currently housed at the Fort Worth Federal Medical Center, and his current projected release date is June 1, 2028.

## RULING OF THE COURT

"Our justice system relies on the finality of criminal judgments." *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (citing *Teague v. Lane*, 489 U.S. 288, 309 (1989)). "Once imposed, a sentence may be altered 'only in very limited circumstances.'" *Id*. (quoting *Pepper v. United States*, 562 U.S. 476, 501–02 n.14 (2011)). "With 18 U.S.C. § 3582(c)(1)(A), Congress provided one such 'narrow' exception—sometimes called compassionate release—for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence." *Id*. (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)). Defendant's pending Motion for Compassionate Release and Supplemental Motion to Reduce Sentence are brought pursuant to § 3582(c)(1)(A), which states that, "the court … may reduce the term of imprisonment …, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction."

"Sentence reduction under § 3582(c)(1)(A) is discretionary." *Bryant*, 144 F.4th at 1123 (citing *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022)). "The statute allows that discretion to be exercised only when three conditions are met. First, the district court must find that 'extraordinary and compelling reasons' warrant a sentence reduction." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)). "Second, the reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id*. (quoting 18

---

[1] *See* https://www.bop.gov/inmateloc/.

U.S.C. § 3582(c)(1)(A)). "Third, the district court must consider the sentencing factors in 18 U.S.C. § 3553(a)—including the nature of the offense and the defendant's characteristics—to determine 'whether the requested sentence reduction is warranted under the particular circumstances of the case.'" *Id*. (quoting *Wright*, 46 F.4th at 945; citing *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945 (citation omitted). Defendant bears the "burden to establish [her] eligibility for compassionate release." *Id*. at 951.

"Congress did not define the first condition, 'extraordinary and compelling reasons.'" *Bryant*, 144 F.4th at 1123. "It instead instructed the Sentencing Commission—'in promulgating general policy statements' for § 3582(c)(1)(A)—to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *Id*. (quoting 28 U.S.C. § 994(t)). "Congress put one limit on that delegation: 'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Id*. (quoting 28 U.S.C. § 994(t)).

"The Commission answered Congress's call with § 1B1.13 of the Sentencing Guidelines." *Id*. As relevant to the pending motions, the policy statement in § 1B1.13 defines "extraordinary and compelling reasons" to include the following:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition, … or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of

the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. §1B1.13(b)(1). "[E]xtraordinary and compelling reasons" also include: "The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2). "The Commission also included a provision for 'Other Reasons.'" *Bryant*, 144 F.4th at 1124 (quoting U.S.S.G. § 1B1.13(b)(5)). "But that category is narrow—it is restricted to reasons 'similar in gravity' to the listed examples." *Id*. (quoting U.S.S.G. § 1B1.13(b)(5)).

The Supreme Court recently stated that, "[w]hile Congress has not defined the 'extraordinary and compelling reasons' that may warrant a reduced sentence, these criteria are not empty vessels." *Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026). The Supreme Court called this "a demanding standard," *id*., and stated that "'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." *Rutherford v. United States*, 146 S. Ct. 1320, 1330 (2026).

First the Court next considers whether Defendant has satisfied his burden of showing of "extraordinary and compelling reasons" pursuant to U.S.S.G. § 1B1.13(b) related to his health conditions. Plaintiff filed 56 pages of BOP medical records related to Defendant under seal. (*See* ECF No. 63.) Defendant filed 95 pages of BOP medical records related to his conditions under seal (*see* ECF Nos. 56 & 75), as well as other exhibits (*see* ECF No. 51-1). The parties dispute whether Defendant is receiving adequate care for his serious health conditions while in custody. The medical records establish that he has been examined and/or treated more than a dozen times in 2025 alone. However, Defendant contends that this medical care has been inadequate. Defendant highlights that in mid-2025,

medical practitioners recommended that he have follow-up appointments with oncology and cardiology specialists in late 2025, but these follow-up appointments have not happened. (*See* ECF No. 72 at 6.) Plaintiff highlights that Defendant's April 2025 electrocardiogram was normal; Defendant's June 2025 X-rays showed no evidence of acute cardiopulmonary process; Defendant's July 2025 oncology specialist visit showed that Defendant's lymphoma was likely indolent, with no evidence of enlarging lymph nodes, and no need for chemotherapy.[2] (*See* ECF No. 59 at 9.) For the purposes of the pending motions, the Court assumes without deciding that Defendant has satisfied his burden of showing of "extraordinary and compelling reasons" pursuant to U.S.S.G. § 1B1.13(b) related to his health conditions.

The Court considers and weighs "the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Wright*, 46 F.4th at 945; *see* 18 U.S.C. § 3582(c)(1)(A). As the Court discussed at sentencing, Defendant is a Career Offender, putting him in a criminal history category VI, which is the most serious category in the Guidelines. The health conditions discussed in the pending motions were addressed at sentencing by both parties and the Court, and it was in part because of those health conditions that the Court departed 40 months from the low end of the advisory Guidelines range. In the pending motions, Defendant emphasizes a report issued by the U.S. Sentencing Commission in 2017, indicating that older offenders are less likely to recidivate after release than younger offenders who had served similar sentences. (*See* ECF No. 51 at 30–32.) Unfortunately, as the Court discussed at sentencing, Defendant appears to be an exception to this general rule. Based upon the PSR, Defendant's first conviction occurred when he was 37; then after committing multiple misdemeanors, Defendant sustained his first felony conviction at the

---

[2] As noted by a BOP medical practitioner on September 17, 2025, Defendant was diagnosed with lymphoma in 2000 and was offered systemic chemotherapy at that time, but Defendant declined. (ECF No. 63 at 56.)

age of 52; then Defendant sustained his first felony drug conviction at the age of 57; he sustained his second felony drug conviction at the age of 66—which was six years after being diagnosed with lymphoma; and he committed the drug felony for which he is currently incarcerated when he was 71. The Court has considered Defendant's arguments in the pending motion and reply briefs—including his health conditions, the BOP's delay in certain appointments, and his generally positive performance while in custody—and finds that these circumstances are not sufficient to alter the Court's determination at sentencing that 70 months of custody is a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a). Based upon the record, the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to avoid unwarranted sentencing disparities among similarly situated defendants continues to support the significantly below-Guideline sentence imposed. *See* 18 U.S.C. § 3553(a). The Court notes that if the BOP continues to delay examination or treatment of Defendant's serious medical conditions, then this may alter the Court's analysis of the applicable factors in a future motion for sentence reduction.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions for Reduction in Sentence are denied. (ECF Nos. 40 & 51.) This decision is without prejudice to Defendant refiling the motion if he is able to satisfy his burden of demonstrating a sentence reduction is warranted pursuant to 18 U.S.C. § 3582(c)(1)(A).

Dated: July 27, 2026

Hon. William Q. Hayes
United States District Court